# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

LEE DISMUKE                                                                PETITIONER

V.                                                              NO. 1:10CV072-A-A

DANNY SCOTT, et al.                                               RESPONDENTS

## MEMORANDUM OPINION

This cause comes before the court on the petition of Lee Dismuke, inmate number 26543 for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that the Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

### A. Factual and Procedural Background

On December 7, 2005, Dismuke was found guilty of grand larceny by a jury of his peers in the Lee County Circuit Court. Dismuke was sentenced, as an habitual offender, to life imprisonment in the custody of the Mississippi Department of Corrections. Dismuke appealed his conviction and sentence. The Mississippi Court of Appeals affirmed the verdict and sentence. *See Dismuke v. State*, 976 So.2d 905 (Miss. App. 2007). His subsequent motion for rehearing was denied. He filed a petition for certiorari to the State Supreme Court which was denied on February 21, 2008. On March 27, 2009, Dismuke filed a motion for post-conviction relief in the State Supreme Court. The motion was denied on April 29, 2009. Thereafter, Dismuke sought a writ of certiorari from the United States Supreme Court which was denied on October 12, 2009. Dismuke filed this, his federal habeas petition, on March 27, 2010.

### B. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final 90 days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Bulter v. Caine*, 533 F.3d 314, 317 (5th Cir. 2008).

The Mississippi State Supreme Court denied Dismuke's petition for certiorari on February 21, 2008. Since he did not seek certiorari from the United States Supreme Court, Dismuke's conviction became final on May 21, 2008, the date on which seeking such review expired. *See* U.S. Sup. Ct. R. 13.1. Dismuke, therefore, had one-year or until May 21, 2009, to seek federal review of his conviction and sentence or to "properly file" an application for post-conviction relief in the state court to toll the limitations period. 28 U.S.C. § 2244(d)(2).

A properly filed application for post-conviction relief will toll the AEDPA's one-year statute of limitation. *Id.; Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008). The period is tolled for the length of time the motion is pending. *Starns*, 524 F.3d at 616. Dismuke did file a petition for post-conviction relief in the State Supreme Court on March 27, 2009. The petition was denied on April 29, 2009. Thereafter, Dismuke sought a writ of certiorari from the United States Supreme Court which was denied on October 12, 2009. Dismuke's petitions were pending for 199 days. The limitations period is, therefore, tolled for 199 days.

Thus, to be timely, Dismuke's federal habeas petition must have been filed by December 7, 2009 (May 21, 2009, plus 199 days)[1]. Dismuke, however, did not file this petition until March 27, 2010, when he presumably delivered it to prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to *pro se* prisoners). His petition was, thus, filed 111 days beyond the expiration of the one-year limitations period.

The petition is untimely unless the Petitioner can demonstrate that the one-year limitations period should be tolled under § 2244(d)(1)(B)-(D). A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513-514 (5th Cir. 1999). In response to the motion to dismiss, Dismuke claims that his lack legal knowledge prevented his timely filing. He further claims that he was suffering from debilitating depression.

First, it is routinely recognized that the lack of legal training, ignorance of the law and unfamiliarity with the legal process are insufficient to warrant equitable tolling. *See United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). As for the allegation of depression to toll the limitations period, the Fifth Circuit has recognized that mental illness *may* toll AEDPA's one-year statute. *Fisher v. Johnson*, 174 F.3d 710, 713-15 (5th Cir. 1999) (17 day stay in a psychiatric ward did not

---

[1] May 21, 2009 plus 199 days makes his petition due on December 6, 2009, which was a Sunday. His petition was, thus, due on December 7, 2009, the following business day. *See* Fed. R. Civ. P 6(a)(1)(C).

warrant equitable tolling).  There is, however, no *per se* rule that mental illness mandates tolling. *See Smith v. Kelly*, 301 Fed. Appx. 375, 2008 WL 5155222 at \*\*3-4 (5th Cir. Dec. 9, 2008) (conclusory allegations of mental illness are insufficient); *Mcswain v. Davis*, 287 Fed. Appx. 450, 2008 WL 2744640 at \*\*5-6 (6th Cir. Jul. 15, 2008) (equitable tolling not applied for a petitioner diagnosed Dissociative Identity Disorder); *Baeauchman v. Mahoney*, 316 Fed. Appx. 647, 2009 WL 580727 at \*1 (9th Cir. Feb. 18, 2009) (mental retardation resulting from brain injury did not justify equitable tolling); *Rawlins v. Newton-Embry*, 352 Fed. Appx. 273, 2009 WL 3627964 at \*2 (10th Cir. Nov. 4, 2009) (nervous breakdown stemming from rape by a fellow inmate was insufficient to warrant equitable tolling).  In order to be entitled to equitable tolling based on a mental incapacity, the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected his ability to file a timely habeas petition. *See Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003).

Disumke attached medical records to his traverse, showing that he was diagnosed with depression on December 5, 2005.  These same medical records include a note that "his intelligence is estimated to be within the average range" and that "some degree of embellishment or malingering is likely."  As demonstrated by his state court pleadings, the depression did not interfere with his ability to pursue review of his conviction and sentence.  To the contrary, Dismuke was able to participate in a direct appeal and a motion for rehearing, file a petition for certiorari to the State Supreme Court followed by a petition for post-conviction relief and finally petition the United States Supreme Court for a writ of certiorari, all after his depression was diagnosed.  Dismuke has not made any showing of incompetence or that the purported mental illness affected his ability to timely seek federal habeas relief.

Accordingly, Dismuke has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider his petition. The doctrine of equitable tolling will not be used to breath life into his untimely habeas claims. Consequently, the petition must be dismissed with prejudice.

A final judgment in accordance with this opinion will be entered.

SO ORDERED, this the 29th day of September, 2010.

                 **/s/ Sharion Aycock**
                 **U.S. DISTRICT JUDGE**